In the Matter of the Application of RICHARD T. LYNCH et al., Appellants, for a Peremptory Writ of Mandamus against J. GABRIEL BRITT et al., as Commissioners of Election of the City of New York, et al., Respondents.

*Matter of Lynch* v. *Britt*, 163 App. Div. 695, affirmed.
(Argued August 27, 1914; decided August 28, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered August 26, 1914, which reversed an order of Special Term granting a motion for a peremptory writ of mandamus to compel defendants to print ballots at the primary and general election containing in connection with the office of justice of the City Court only nominations to succeed Justice Joseph I. Green, and to require them and each of them at the coming primary and general election of 1914, to certify to the existence of but one vacancy in the office of justice of the City Court of the city of New York, to wit, in the office of justice now or formerly occupied by Joseph I. Green, and to refrain from in any manner doing any act or conducting any proceedings for the nomination or election of a successor to the relator.

*Herbert C. Smyth* and *Frederick C. Scofield* for appellants.

*Frank L. Polk, Corporation Counsel* (*Samuel J. Rosensohn* of counsel), for respondents.

Order of Appellate Division affirmed on opinion of LAUGHLIN, J., below, without costs.

Concur: WERNER, CHASE, COLLIN, CUDDEBACK and HOGAN, JJ.

CARDOZO, J. (dissenting). It is conceded that the term of the successor to Judge McCarthy will not expire till December 31, 1917. I think that the term of the successor to Judge Hascall will not expire till the same time.

Following the resignation of Judge Van Wyck in 1897, Judge Hascall was elected in 1898 a justice of the City Court. In form, his election was for ten years; in reality, since Judge Van Wyck's term would have expired at the end of 1901, the same date marked the close of Judge Hascall's term as a *de jure* officer. After that, until his death in March, 1908, he was a judge *de facto* only.

When a *de jure* judge dies or resigns during his term, there exists (under the laws governing the City Court) a residue of a term to be filled for the unexpired period. When a *de facto* judge dies or resigns, there exists, not a residue of a term, but a complete term. We did not hold in the *Trounstine* case (*People ex rel. Trounstine* v. *Britt*, 212 N. Y. 421) that out of infinite time the legislature carved successive periods of ten years, and established them as terms of office. We held that, when by election of a judge *de jure* a term begins, the vacancy created by his death is limited to the residue of the term thus lawfully initiated. After 1901 the continuing duty rested on the people in each odd-numbered year of choosing some one as Judge Hascall's successor, not for an uncompleted term, but for a full term. They neglected to fulfill that duty in 1903, 1905 and 1907. When, therefore, they elected a successor to Judge Hascall in 1908, the election was really to fill a vacancy that should have been filled for ten years in 1907. The result was that the person then elected became a judge *de jure* for a period ending December 31, 1917. Till then, there will be no vacancy.

The order of the Appellate Division should be reversed, and that of the Special Term affirmed, without costs to either party.

MILLER, J., concurs.